UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                           Chapter 7

EMMANUEL ENRIQUE PACIN,                                  Case No.  21-20189-LMI

         Debtor.
_____/

## MOTION TO DENY DISCHARGE

Drew M. Dillworth, duly appointed, qualified and acting chapter 7 trustee of the bankruptcy estate of *Pac Comm Inc.*, Case No. 21-19682-RAM, pursuant to 11 U.S.C. § 727, and Rule 9024, Fed. R. Bankr. P. (as made applicable by agreement), respectfully moves (the "Motion") for the entry of an order denying Mr. Pacin's discharge in this case.

1.    On October 6, 2021, Pac Comm filed a voluntary chapter 7 bankruptcy petition commencing the case styled *In re Pac Comm, Inc.*, 21-19682-RAM (the "Corporate Case" or "Corporate Estate").

2.    On October 21, 2021, Mr. Pacin filed a voluntary chapter 7 bankruptcy petition commencing case the styled *In re Emmanuel Pacin*, 21-20189-LMI (the "Individual Case").

3.    Disputes arose with Mr. Pacin concerning the Corporate Case.  As a consequence, on May 16, 2022, Trustee Dillworth filed an adversary proceeding in the Individual Case objecting to Mr. Pacin receiving a discharge, pursuant to 11 U.S.C. § 727(a)(7), based upon the allegations concerning Mr. Pacin's actions or inaction in the Corporate Case and related matters. *See Second Amended Complaint* [Adv. ECF No. 25] in *Dillworth v. Pacin*, 22-1161-LMI (the "Adversary Proceeding").

4.    On or about November 17, 2023, the parties reached a settlement concerning

Adversary Proceeding and related disputes. Thereafter, on December 5, 2023, Trustee Dillworth moved [Corporate Case ECF No. 148] to approve the settlement agreement. On February 5, 2024, Judge Mark entered an Order [Corporate Case ECF No. 161] approving the parties settlement agreement.

5. Pursuant to the parties' settlement agreement, Mr. Pacin was required to pay the sum of $450,516.96 to the Corporate Estate as follows:

> … (a) by turnover by the Hoffman Firm of the Escrowed Funds and the payment by the Settling Parties of an additional $25,000 to Trustee Dillworth on the later to occur of (i) ten (10) business days after an Order approving the Agreement becomes a final order of the Court or (ii) December 31, 2023; (b) eight (8) consecutive monthly payments of $10,000 due on the last day of each month beginning on January 31, 2024, through August 31, 2024; and (c) a balloon payment of $120,000 due on or before September 30, 2024.

See Settlement Motion, Exhibit 1, at p. 3, ¶ 3. The Hoffman Firm promptly turned over the Escrowed Funds, however, Mr. Pacin failed to pay the initial $25,000 or the first three (3) $10,000 payments due on 1/31/24, 2/29/24, and 3/31/24. Accordingly, Mr. Pacin is presently in default on the settlement agreement in the amount of $55,000. An additional $10,000 is due on the date of this Motion and will increase the default amount to $65,000.

6. The parties communicated concerning the default beginning in late February, 2024. Ultimately, on April 16, 2024, the undersigned gave formal notice to Mr. Pacin and the settlement parties of the default pursuant to paragraph 8 of the settlement agreement with a cure date of April 23, 2024. A copy of the written notice is attached hereto as Exhibit A. Mr. Pacin failed to cure the default under the settlement agreement which default is continuing as of the date of this Motion as described in paragraph 5 above.

7. Pursuant to paragraph 6 of the settlement agreement, upon default, Mr. Pacin's

discharge may be revoked or without the need for filing an adversary proceeding. Pursuant to that same paragraph of the settlement agreement, Mr. Pacin's "… sole and exclusive defense to denying or revoking Mr. Pacin's discharge shall be the timely payment in full of the Settlement Payment …"

8. Based upon the foregoing, Mr. Pacin's discharge should be denied.[1]

WHEREFORE, Trustee Dillworth respectfully requests that the Court enter an Order (a) granting this Motion, (b) denying Mr. Pacin's discharge, and (c) granting such other and further relief as it deems just and proper under the circumstances.

Dated: April 30, 2024.

Respectfully submitted,

/s/ *Drew M. Dillworth*
Drew M. Dillworth, Trustee
Florida Bar No. 167835
ddillworth@stearnsweaver.com
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200
Facsimile:    (305) 789-3395

---

[1] The undersigned could not locate a general order of discharge in the docket for the Individual Case. In the event such order was entered, and missed, it would be appropriate to revoke Mr. Pacin's discharge for the same reasons set forth in this Motion.

#12711766 v1

# EXHIBIT A

# Drew Dillworth

| | |
|---|---|
| **From:** | Drew Dillworth |
| **Sent:** | Tuesday, April 16, 2024 9:48 AM |
| **To:** | 'Ashley--OP Davis' |
| **Cc:** | emmanuelpacin75@gmail.com; Mindy Fernandez; Francis Sanchez; 'James Miller'; 'mshoffman@hlalaw.com' |
| **Subject:** | RE: Pac Comm Settlement |

Good morning.  Unfortunately, I am unable to hold off asserting a default any longer due to the structure of the settlement.  As of today, the sum of $55,000 is past due as follows: (i) $25,000 pursuant to paragraph 3(a) which was due on 2/21/24; and (ii) the sum of $30,000 comprised of three $10,000 payments due on 1/31/24, 2/29/24, and 3/31/24.  Pursuant to paragraph 8 of the settlement agreement, the default need be cured by or before April 23, 2024.

Thank you.

Drew M. Dillworth, Esq.
Stearns Weaver Miller et al.
150 West Flagler Street
Suite 2200
Miami, Florida  33130

Phone: (305) 789-3598
Fax: (305) 789-3395

---

**From:** Ashley--OP Davis <ashley@oceanpetroleum.net>
**Sent:** Friday, March 1, 2024 11:59 AM
**To:** Drew Dillworth <DDillworth@stearnsweaver.com>
**Cc:** emmanuelpacin75@gmail.com; Mindy Fernandez <MFernandez@stearnsweaver.com>; Francis Sanchez <fsanchez@stearnsweaver.com>
**Subject:** Re: Pac Comm Settlement

Drew,

Thank you for the email and the explanation. I did not think the January payment was due since the agreement had not been signed. That being said I do not have the money right now. I'm having to sell some properties and old equipment of mine to fund these payments. I had a commitment that I was supposed to receive by Jan 10 that has not been filled.

I do not want this to fall through but I wanted to be transparent with you. Will keep you updated and will pay as soon as I receive the funds.

Sincerely,
Ashley Pacin
912-270-3038


> On Feb 27, 2024, at 1:18 PM, Drew Dillworth <DDillworth@stearnsweaver.com> wrote:

1

Good afternoon, I hope that you are doing well.  So, our settlement agreement was approved and became a final order on or about 2/21/24.  I see where Morgan is withdrawing from continued representation and wanted to circle back to the payment terms under our agreement so nothing is lost in the hand off.  As you know, the total settlement sum is $450,516.96, of which amount the Hoffman firm has turned over $225,516.96.  The balance of $225,000 as follows: (i) $25,000 within 10 business days of the finality of the settlement order (i.e. 3/6/2024); (ii) 8 payments of $10,000 beginning 1/31/24 and continuing the last day of the month thereafter through 8/31/2024; and (iii) a balloon payment of $120,000 due 9/30/24.

As of today, I haven't received the $10,000 due on 1/31/24 and two more payments of $10,000 and $25,000 are due on 2/29/2024 and 3/6/2024, respectively.  I plan to hold off sending a default letter under the provisions of paragraph 8 until the 3/6/24 payment date.  That will give you a few extra days to make one initial payment of $45,000 to get back on track.

Happy to discuss but wanted to get ahead of this since the one payment was missed and now Morgan is withdrawing from the case.

Thanks.

Drew M. Dillworth, Esq.
Stearns Weaver Miller et al.
150 West Flagler Street
Suite 2200
Miami, Florida  33130

Phone: (305) 789-3598
Fax: (305) 789-3395

CONFIDENTIALITY NOTICE: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Thank you.